UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY JOE ARD (#200821)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 10-169-FJP-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 10, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY JOE ARD (#200821)

VERSUS                                         CIVIL ACTION

JAMES LEBLANC, ET AL                           NUMBER 10-169-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Louisiana Attorney General Buddy Caldwell, Warden Howard Prince, classification officer Stephen Waguespack, John L. McGovern, III, Ken August, Reginald Brock, Cristy Aucoin and Clay Williams.  Plaintiff alleged that he has been repeatedly denied relief through the Administrative Remedy Procedure, he was denied the opportunity to participate in work-release or to be assigned trustee status, he was issued a false disciplinary report and was denied due process at a disciplinary board hearing in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

>relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Denial of Administrative Grievances**

Plaintiff alleged that he has been repeatedly denied relief through the Administrative Remedy Procedure. Specifically, the plaintiff alleged that Secretary LeBlanc, Warden Prince and Classification Director McGovern denied his requests for administrative remedies regarding the denial of work release, discrimination and the issuance of false disciplinary reports.

The Administrative Remedy Procedure does not itself establish

any federal right.  It is a mechanism for resolving disputes at the institutional level.  The fact that the plaintiff did not receive a favorable response to his administrative grievances does not rise to the level of a constitutional violation.

### Denial of Participation in Work Release and Trustee Status

Plaintiff alleged that he was denied the opportunity to participate in work-release or to be assigned to trustee status. Plaintiff alleged that prison officials relied on his past arrest history and disciplinary record to deny his requests to participate in work-release.  Plaintiff alleged that because he was not convicted of the sexual battery, attempted escape and escape charges, prison officials should not consider his arrest history in denying him participation in work release.

Prisoners have neither a liberty nor property interest in the work release program. *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994).  Classification of inmates in Louisiana is the duty of the Louisiana Department of Corrections and inmates have no right to a particular classification under state law. *McGruder v. Phelps*, 608 F.2d 1023 (5th Cir. 1979.)  Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgement are needed to preserve internal order and discipline and to maintain institutional security. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

**Issuance of False Disciplinary Report**

Plaintiff alleged that he was issued a false disciplinary report accusing him of writing a sexually graphic letter to a female employee.  Plaintiff alleged that Williams issued an order that disciplinary charges be filed against him.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate hearing.  *Collins v. King*, 743 F.2d 248 (5th Cir. 1984).  The disciplinary procedures in effect at the state penitentiary were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977).  The procedures include the use of information provided by confidential informants.  These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

**Denial of Due Process**

Plaintiff alleged that he was denied due process at the disciplinary board hearing.  Specifically, the plaintiff alleged that Col. Brock and Aucoin denied his request to have the letter undergo a hand-writing comparison to determine whether he wrote the sexually explicit letter.  Plaintiff alleged that he was found guilty of the disciplinary infraction but the decision of the

4

disciplinary board was overturned on appeal after a hand-writing comparison was conducted.

If a prisoner is provided a procedurally adequate hearing prior to the imposition of disciplinary sanctions, there is no constitutional violation. *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984). The Constitution mandates due process, it does not guarantee error-free decision making. *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983).

Plaintiff's allegation is insufficient to establish a constitutional violation.

**Conspiracy Claim**

Plaintiff alleged that Ken August collaborated in concert with the other defendants. To the extent the plaintiff's complaint can be read to allege that August conspired with the other defendants to violate his constitutional rights, the claim is insufficient to rise to the level of a constitutional violation.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

**Respondeat Superior Liability**

Plaintiff named State Attorney General Buddy Caldwell as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Attorney General Caldwell is unlikely to be impartial regarding his allegations against the state defendants does not rise to the level of a constitutional violation.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, May 10, 2010.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE